## Case No. 14,004.

### THORP et al. v. HAMMOND et al.

[N. Y. Times, July 1, 1863.]

District Court, S. D. New York. 1863.

COLLISION — LIABILITY OF PART OWNER ACTING AS MASTER.

[A suit brought against a part owner of a vessel, who is a charterer and the owner for the voyage, although acting in the capacity of master, is barred by the act of March 3, 1851 (9 Stat. 636), which exempts owners of vessels from personal liability for damages arising out of a collision.]

In admiralty.

Mr. Benedict, for libelants.
Mr. Huntly, for respondents.

SHIPMAN, District Judge. The libelants, owners of the schooner Brothers, have brought this suit in personam against the respondents, Samuel S. Hammond, Edmund Hammond, Jacob Smith, Charles Gillet, Brewster Terry, Charles Price, Alfred Price, and Hiram Sell, owners of the schooner R. H. Huntly, to recover damages suffered by the former in a collision with the latter off the Jersey shore, in February, 1860. The libel alleges unskillfulness and neglect in the management of the Huntly as the cause of the collision. Samuel S. Hammond, the captain of the Huntly, was on

board and had charge of her at the time of the collision. He was a part owner. I think it is shown by the proofs that he had the exclusive possession and control of the Huntly, and that he manned, victualed, and navigated her at his own expense. Such being the case, he must be deemed a charterer,[1] within the meaning of the act of congress approved March 3, 1851, which exempts the owners from personal liability, and leaves the injured party to seek his remedy, against the colliding vessel, and those who carelessly and unskillfully handled her. Samuel S. Hammond, her captain, is sued merely as a part owner, and not as the charterer, wrongdoer, or active cause of the disaster. His liability is placed by the libel on the same ground as that of the other owners, and the suit must therefore succeed or fail as to all the respondents. I think the statute a bar to the suit in this form. Let a decree be entered accordingly, dismissing the libel, with costs.

[1] [Sec. 5. "And be it further enacted, that the charterer or charterers of any ship or vessel, in case he or they shall man, victual and navigate such vessel at his or their own expense, or by his or their own procurement, shall be deemed the owner or owners of such vessel within the meaning of this act: and such ship or vessel, when so chartered, shall be liable in the same manner as if navigated by the owner or owners thereof."]

